**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN WAPELHORST,<br><br>      *Plaintiff*,<br><br>  v.<br><br>W.R. BERKLEY CORPORATION,<br>et al.,<br><br>      *Defendants*. | Civil Action No. 23-cv-00637 (MEF)(JSA)<br><br>**OPINION and ORDER** |

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the allegations and procedural history of this case.

\*   \*   \*

The Plaintiff[1] sued his former employer,[2] in part for making false promises to get him to take the job.

The Defendant-Company moved to dismiss part of the case.

The motion is denied.

\*   \*   \*

The Defendant-Company's core merits arguments: (a) there is no allegation the Plaintiff had a written employment contract, see Motion to Dismiss at 11, and (b) certain aspects of the Plaintiff's claims are not definite enough --- the alleged

---

[1] John Wapelhorst.

[2] There is some complexity as to the exact entity that employed the Plaintiff. See Motion to Dismiss at 1, n.1. But that does not matter for now. The Plaintiff's former employer is one (or perhaps two) of the Defendants here. The former employer is referred to, for now, as "the Company."

contract's terms, for example, see id. at 11-12, and what in particular the Plaintiff may have relied on, see id. at 16.

All of this, the Company says, knocks out two of the Plaintiff's three claims --- one for breach of contract, and one based on promissory estoppel. See id. at 6-7.

But as to (a), New Jersey law[3] allows for oral employment contracts. See Shebar v. Sanyo Bus. Sys. Corp., 111 N.J. 276, 287 (1988); Winslow v. Corp. Express, Inc., 364 N.J. Super. 128, 138 (App. Div. 2003); May v. Borough of Pine Hill, 755 F. Supp. 2d 623, 629 (D.N.J. 2010); cf. Troy v. Rutgers, 168 N.J. 354, 365 (2001).

And as to (b), the Complaint passes muster under federal pleading standards. See generally Lutz v. Portfolio Recovery Assocs., LLC, 49 F.4th 323, 327-28 (3d Cir. 2022). The Complaint, for example, plausibly-enough alleges that the Plaintiff was induced to join the Company (reliance) by representations about its ability to meet affirmative action requirements (promise). See Amended Complaint ¶ 23. This mattered, it is alleged, because the Plaintiff's pre-existing clients would not have done business with an entity that did not have an affirmative action program, see id. at ¶ 23-24 --- and this, the Plaintiff implies, negatively impacted the business he was able to get and therefore the commissions he earned (materiality of breach for contract, reliance to his detriment for promissory estoppel), see id. at ¶ 25.

\*   \*   \*

The Defendant-Company also presses a statute of limitations argument.

Such arguments can be successfully raised in the context of a motion to dismiss. But not always. The reason: the statute of limitations is an affirmative defense, so plaintiffs are not typically expected to put forth allegations that would speak to it or rebut it. See generally Schmidt v. Skolas, 770 F.3d 241 (3d Cir. 2014).

---

[3] The parties assume New Jersey law applies, and so it does. See, e.g., Lopez v. Corozal Auto Repair, Inc., --- F. Supp. 3d ---, ---, 2024 WL 1930844, at \*3 (D.N.J. May 2, 2024) (collecting cases).

2

Here, though the question is a close one, the Court will deny the motion to dismiss to the extent it is based on a statute of limitations defense. Giving the Plaintiff "the benefit of every favorable inference," Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (cleaned up), his allegedly "repeated[ ]" objections, Amended Complaint ¶ 25 (emphasis added), suggest that the Company's lack of an affirmative action program impacted the Plaintiff's business-getting --- but the implication is that did not become fully clear to the Plaintiff all at once, from when he was first hired.[4]

\*   \*   \*

IT IS on this 17th day of September, 2024 so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

[4] And in any event, the Company develops no legal argument as to how the statute-of-limitations-triggering "discovery rule" might work in a context in which a discovery may have been made in steps, not all at once (or whether these questions are to be resolved as a matter of state or federal law).

3